

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00425-CV

LEGOLAND DISCOVERY CENTRE (DALLAS), LLC

APPELLANT

V.

SUPERIOR BUILDERS, LLC

APPELLEE

----------

### FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 342-275920-14

----------

## OPINION

----------

Appellant Legoland Discovery Centre (Dallas), LLC appeals from the trial court's interlocutory order denying its motion to compel arbitration. Because appellee Superior Builders, LLC did not meet its heavy burden to show that Legoland waived its right to arbitrate by substantially invoking the judicial process as to Superior's claims raised against Legoland, we reverse the trial court's order and remand for entry of an order compelling arbitration.

# I. BACKGROUND

## A. FACTUAL

Legoland hired Superior to be the general contractor for a water-feature addition to Legoland's entertainment center in Grapevine, Texas. The contract, drafted by Superior, included the following arbitration clause:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

The contract also contained a choice-of-law clause providing that Texas law would govern the contract and a venue clause setting venue regarding "any action other than a lien foreclosure may at [Superior's] option lie in . . . Tarrant County."

Legoland believed that Superior did not complete the work contracted for and damaged adjacent property. Legoland also began to receive nonpayment notices from several of Superior's subcontractors and suppliers: Sunbelt Rentals; Roofing & Siding Specialists, Inc.; National Wholesale Supply, Inc.; Love Service Company; H&H Pool Decks, Inc.; Chas. F. Williams Co.; and Aeroflow. *See* Tex. Prop. Code Ann. §§ 53.056–.057 (West 2014). Several of these subcontractors filed lien affidavits, seeking payment. *See id.* § 53.103 (West 2014). Legoland stopped paying Superior, leaving an alleged balance due to Superior of $89,642.10. *See id.* § 53.102 (West 2014).

2

Legoland notified Superior that it would terminate the contract under its terms unless Superior cured the defaults. Superior failed to cure; therefore, Legoland notified Superior that Legoland had terminated the contract and notified the affected subcontractors of the termination. *See id.* § 53.107 (West 2014).

## B. PROCEDURAL

Superior filed suit against Legoland on December 11, 2014, raising claims for breach of contract, violation of the Prompt Payment Act, quantum meruit, and promissory estoppel. Superior also requested a declaration that it was entitled to a lien against Legoland's entertainment center and for a judgment "foreclosing on [its] Lien . . . together with an order of sale." Legoland answered and filed counterclaims for breach of contract, negligence, and breach of express warranty based on Superior's alleged faulty work and failure to pay its subcontractors. *See* Tex. R. Civ. P. 97(a). Legoland included in its counterclaims a request for disclosure. *See* Tex. R. Civ. P. 194.1, 194.2.

Superior amended its petition on April 1, 2015, adding as defendants most of the subcontractors identified in Legoland's counterclaims but raising the same claims against Legoland that it raised in its original petition. Superior also included a request for disclosure in its amended petition, which Legoland responded to. On May 13, 2015, Legoland and Superior both signed a letter agreement, reflecting that Superior's deadline to respond to Legoland's requests for disclosure would be extended to May 20, 2015. *See* Tex. R. Civ. P. 11, 194.3.

3

Two of the defendant subcontractors—Sunbelt and Roofing & Siding Specialists—filed counterclaims against Superior and cross-claims against Legoland; one subcontractor, which was not named in Superior's suit or in Legoland's counterclaims, intervened in Superior's suit. *See* Tex. R. Civ. P. 60, 97(e). On January 29, 2016, Superior filed an agreed motion for entry of a scheduling order.[1] *See* Tex. R. Civ. P. 166, 190.4, 192. On March 3, 2016, the trial court entered the requested scheduling order, setting the trial for the week of November 14, 2016. On April 15, 2016, Superior again amended its petition to add Legoland's surety to its claim seeking a lien declaration. *See* Tex. Prop. Code Ann. § 53.171 (West 2014).

Legoland conducted discovery with several of the defendant subcontractors. By October 2016, Legoland had resolved the subcontractors' claims.[2] On October 6, 2016, Legoland filed a motion to compel Superior's claims against it to arbitration based on the terms of their contract. Superior responded that Legoland had waived its right to arbitrate by substantially invoking the judicial process to Superior's detriment. The trial court held a hearing on October 28, 2016, and concluded that Legoland had affirmatively waived its right to compel arbitration by agreeing to the trial court's scheduling

[1]Only Strategic Demolition, LLC, one of the subcontractors Superior named as a defendant, did not agree to the scheduling order.

[2]The claims between Superior, one of the defendant subcontractors, and the intervenor subcontractor were voluntarily dismissed with prejudice in July 2016. *See* Tex. R. Civ. P. 162.

4

order. On November 3, 2016, the trial court entered an order denying Legoland's motion to compel, specifically stating that Legoland "has waived its right to arbitration by substantially invoking the judicial process to [Superior's] detriment."

Legoland filed a request for findings of fact and conclusions of law[3] and a notice of appeal from the denial of its motion to compel arbitration. Legoland argues that the trial court erred because it had not substantially invoked the judicial process and because Superior failed to carry its burden to show that it was prejudiced by Legoland's actions. *See* 9 U.S.C.A. § 16(a)(1)(C) (West 2009) (allowing interlocutory appeal from order denying arbitration where matter is subject to the Federal Arbitration Act); Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (West 2015), § 171.098(a)(1) (West 2011) (allowing immediate appeal from interlocutory denial order under the Texas General Arbitration Act).[4]

---

[3]Even if a request for findings of fact and conclusions of law was appropriate, Legoland did not file a notice of past-due findings and conclusions; therefore, any complaint arising from their absence was waived. *See* Tex. R. Civ. P. 297; *Commercial Servs. of Perry, Inc. v. Wooldridge*, 968 S.W.2d 560, 563 (Tex. App.—Fort Worth 1998, no pet.). *See generally Gene Duke Builders, Inc. v. Abilene Hous. Auth.*, 138 S.W.3d 907, 908 (Tex. 2004) (holding attachment of a deposition, affidavit, and exhibits to plea to the jurisdiction rendered subsequent hearing on plea evidentiary even though no evidence proffered at hearing).

[4]Legoland argues that both the Federal Arbitration Act (FAA) and the Texas General Arbitration Act (TGAA) apply to the arbitration clause at issue because the contract did not specifically exclude application of the FAA. Superior does not directly address this argument but cites to both Texas and federal cases in support of its appellate arguments. Because the contract did not specifically exclude application of the FAA and because no party argues that the FAA differs from the TGAA in any material respect, which would trigger FAA preemption, we may find guidance in cases arising under either statute. *See*

## II. WAIVER OF ARBITRATION

### A. STANDARD OF REVIEW

In general, we review the denial of a motion to compel arbitration for an abuse of discretion. *See Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 203 (Tex. App.—Fort Worth 2015, no pet.). In this appeal, however, no party disputes that the parties entered into a binding arbitration agreement or that Superior's claims against Legoland fell within the scope of that agreement. The sole point of contention is whether the trial court correctly concluded that Legoland had waived its right to enforce the valid and applicable arbitration agreement by availing itself of the judicial process to Superior's detriment. Thus, the issue we review is whether Superior established its defense to enforcement—waiver. This is a legal question subject to de novo review.[5] *See id.* at 204

---

*In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 778–80 (Tex. 2006) (pet. for review and orig. proceeding); *Howerton v. Wood*, No. 02-15-00327-CV, 2017 WL 710631, at *2 (Tex. App.—Fort Worth Feb. 23, 2017, no pet. h.) (mem. op.); *see also In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127–28 (Tex. 1999) (pet. for review and orig. proceeding) (holding Texas choice-of-law provision does not select the TGAA to the exclusion of the FAA unless the provision specifies the inapplicability of the FAA). *See generally* 3 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 19:55 (2d ed. 2000) ("The federal decisions are consistent with the holdings of the Texas courts" regarding waiver of arbitration.)

[5]We recognize that a trial court's determination of facts relevant to a defense to a motion to compel arbitration is a question of fact for the trial court, which we are to review deferentially. *See Brand FX*, 458 S.W.3d at 204. However, there were no factual disputes before the trial court relevant to Superior's waiver defense, and the parties proffered no evidence at the hearing on the motion to compel. Accordingly, Legoland's waiver is a pure issue of law

## B. IMPLIED WAIVER

Waiver of a valid and applicable arbitration agreement may be express or implied. *See G.T. Leach*, 458 S.W.3d at 511. As it did in the trial court, Superior argues that Legoland impliedly waived its right to enforce their arbitration agreement through its conduct. As such, Superior had the burden to prove that (1) Legoland "substantially invoked the judicial process"—engaged in conduct inconsistent with a claimed right to compel arbitration and (2) the inconsistent conduct caused Superior to suffer a detriment or prejudice. *See id.* at 511–12. Because the law strongly favors arbitration, Superior's burden to prove the defense "is a high one." *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008), *cert. denied*, 555 U.S. 1103 (2009). So high, in fact, that appellate courts seldom find an implied waiver through litigation conduct. *See, e.g.*, *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430–31 (Tex. 2016); *Richmont Holdings, Inc. v. Superior Recharge Sys., LLC*, 455 S.W.3d 573, 575 & n.1 (Tex. 2014); *see also Perry Homes*, 258 S.W.3d at 590 (in appeal finding waiver, stating court had "never" before found implied waiver through litigation conduct).

We determine whether Legoland impliedly waived its right to seek arbitration based on the totality of the circumstances and are guided by several factors, including:

---

reviewable de novo. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015).

whether the party asserting the right to arbitrate was plaintiff or defendant in the lawsuit, how long the party waited before seeking arbitration, the reasons for any delay in seeking to arbitrate, how much discovery and other pretrial activity the party seeking to arbitrate conducted before seeking arbitration, whether the party seeking to arbitrate requested the court to dispose of claims on the merits, whether the party seeking to arbitrate asserted affirmative claims for relief in court, the amount of time and expense the parties have expended in litigation, and whether the discovery conducted would be unavailable or useful in arbitration.

*RSL Funding*, 499 S.W.3d at 430; *see also Perry Homes*, 258 S.W.3d at 590–91. No one factor is dispositive. *See RSL Funding*, 499 S.W.3d at 430. Even in close cases, the presumption against waiver governs. *See id.*

The totality of the circumstances here do not support waiver by Legoland. *See, e.g.*, *G.T. Leach*, 458 S.W.3d at 512–15; *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (writ of error and orig. proceeding); *Brown v. Anderson*, 102 S.W.3d 245, 250–51 (Tex. App.—Beaumont 2003, pet. denied). Legoland was the defendant in the suit brought by Superior. *See G.T. Leach*, 458 S.W.3d at 512; *cf. Nicholas v. KBR, Inc.*, 565 F.3d 904, 908 (5th Cir. 2009) (holding substantial invocation frequently shown where plaintiff seeks to compel arbitration after filing suit without raising arbitration clause). Legoland sought only routine disclosures under rule 194 from Superior, which Superior also requested from Legoland and which would be available and useful during arbitration. *See G.T. Leach*, 458 S.W.3d at 514; *see also* American Arbitration Association, Construction Industry Arbitration Rules R-24 (July 1, 2015), http://www.adr.org/construction (providing for prehearing production of

8

information between parties).  The trial court recognized that only "basic" discovery had occurred even though the discovery deadline had passed. Legoland did not ask for pretrial, summary disposition of Superior's claims brought against it.  *See G.T. Leach*, 458 S.W.3d at 513.  Although Legoland sought affirmative relief from the trial court in its counterclaims, these claims were compulsory.  *See* Tex. R. Civ. P. 97(a); *G.T. Leach*, 458 S.W.3d at 513–14.

Legoland did not seek to compel arbitration until twenty-two months after Superior filed suit, which could point to substantial invocation.  However, Superior added the subcontractors as defendants in its suit approximately four months after filing its initial petition,[6] and Legoland sought to settle these subcontractors' liens against its property before moving to compel arbitration. *See Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991) ("Attempts at settlement . . . are not inconsistent with an inclination to arbitrate and do not preclude the exercise of a right to arbitration.").  These subcontractors were not subject to Legoland and Superior's arbitration agreement and, therefore, could not have been forced to arbitration.  Legoland sought arbitration within days of settling with the last subcontractor and participated in minimal discovery with Superior over the course of the litigation.  *See RSL Funding*, 499 S.W.3d at 430–33; *see also Garg v. Pham*, 485 S.W.3d 91, 108 (Tex. App.—Houston [14th Dist.]

---

[6]It appears that Superior added the subcontractors in response to Legoland's counterclaims in which Legoland raised the issue of the unpaid subcontractors.

9

2015, no pet.) ("Although delay is relevant in a determination of whether a party has substantially invoked the judicial process, the focus is on the amount of pretrial activity and discovery related to the merits of the case during that time period.").

The trial court placed heavy emphasis on the fact that Legoland agreed to the entry of the trial court's scheduling order. But agreeing to a scheduling order under these facts does not equate to a waiver of the right to compel arbitration. *See Walker*, 938 F.2d at 577–78; *Brown*, 102 S.W.3d at 251; *cf. G.T. Leach*, 458 S.W.3d at 511 (concluding agreeing to scheduling order did not establish express waiver of arbitration right). Additionally, Superior's unsupported averment in its appellate brief that it incurred $35,000 in attorneys' fees to prosecute its suit against Legoland and the subcontractors does not show waiver by Legoland. *See In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding); *Cooper Indus., LLC v. Pepsi–Cola Metro. Bottling Co.*, 475 S.W.3d 436, 452 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Structured Capital Res. Corp. v. Arctic Cold Storage, LLC*, 237 S.W.3d 890, 896 (Tex. App.—Tyler 2007, no pet. & orig. proceeding).

## III. CONCLUSION

We conclude that Legoland's actions in Superior's suit did not substantially invoke the judicial process; therefore, Superior failed to carry its heavy burden to show that Legoland waived its contractual right to arbitrate. *See G.T. Leach*, 458 S.W.3d at 513 ("A party's litigation conduct aimed at defending itself and

minimizing its litigation expenses, rather than at taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process."). We need not address the second factor regarding waiver—prejudice to Superior. Accordingly, we sustain Legoland's issue, reverse the trial court's order, and remand to that court for entry of an order compelling the parties' dispute to arbitration pursuant to their arbitration agreement. *See* Tex. R. App. P. 43.2(d), 43.3(a); *Brand FX*, 458 S.W.3d at 206.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and PITTMAN, JJ.

DELIVERED:  April 27, 2017

11