

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00331-CV

**FW SERVICES INC.** d/b/a Pacesetter Personnel Services,
Appellant

v.

Seth **MCDONALD**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-14224
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: January 29, 2020

REVERSED AND RENDERED; CAUSE REMANDED

FW Services Inc. d/b/a Pacesetter Personnel Services appeals the trial court's order denying its motion to compel arbitration. FW Services contends the trial court erred in denying its motion because Seth McDonald failed to prove FW Services waived its right to enforce the arbitration agreement or that the agreement was modified. We reverse the trial court's order, render judgment granting the motion to compel, and remand the cause to the trial court for further proceedings consistent with this opinion, including the granting of an appropriate stay.

## BACKGROUND

FW Services terminated McDonald's employment on March 23, 2018. On March 27, 2018, McDonald's attorney mailed a letter addressed to Pacesetter Personnel Services, Inc. in San Antonio, Texas (the "Letter"). The salutation used in the Letter was "Dear Sir or Madam." The Letter stated the attorney represented McDonald in his claims against Pacesetter Personnel Services, Inc. for retaliatory discharge. The Letter requested that any arbitration agreement McDonald signed before he was terminated be produced to the attorney. The Letter further provided:

> If my client does not receive a copy of the signed arbitration agreement in my office within one month of receiving this request, my client will proceed with filing suit in State Court and your failure to produce any signed arbitration agreement will be your acceptance to proceed in State Court and your waiver of enforcement of any arbitration agreement. We believe the same logic applied to employees applies to employers. Please *see In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (an employee can accept an agreement to arbitrate merely by continuing employment, without signing any document or expressly agreeing to the arbitration). Consideration for this agreement between you and my client will be the fact that proceeding in State court is less expensive for you than paying an arbitrator and administrative fees which can easily exceed more than twenty thousand dollars.

On August 1, 2018, McDonald sued FW Services alleging a retaliatory discharge claim. On September 4, 2018, FW Services filed a motion to transfer venue and original answer.[1] On September 18, 2018, McDonald filed a motion requesting the trial court to enter a pretrial docket control order. The trial court signed an agreed scheduling order on September 28, 2018, setting a trial date of September 9, 2019. The first deadline in the scheduling order required McDonald to designate his expert witnesses by June 11, 2019.

On February 22, 2019, FW Services filed its motion to compel arbitration. A copy of an employment contract signed by McDonald was attached to the motion in which McDonald agreed

---

[1] In the motion to transfer venue, FW Services asserted its principal place of business was in Harris County, Texas.

to arbitrate any disputes arising out of his employment, including any claims for wrongful termination.

McDonald filed a response to the motion to compel asserting the Letter modified or superseded the arbitration agreement. McDonald also appeared to assert FW Services waived its right to arbitrate. Attached to the response were: (1) the Letter and a certified mail receipt that was not stamped by the post office; and (2) an affidavit signed by McDonald's attorney stating his firm sent the Letter to the defendant and setting out the actions FW Services had taken in the pending litigation.

FW Services filed a reply asserting it never received the Letter and did not waive its right to arbitrate. An affidavit signed by Robert Inglis, who is identified in the affidavit as the "General Manager-San Antonio" for FW Services, was attached to the reply. The affidavit states, "All agreements concerning arbitration related to Seth McDonald's employment is [sic] maintained in his personnel file, which is void of the March 27, 2018 letter as FW Services did not receive it."

At the hearing, McDonald did not dispute that he signed the employment contract containing the arbitration provision or that his claim was within the scope of the arbitration provision. Instead, the hearing was focused on McDonald's defenses of modification of the agreement by the Letter and waiver. At the hearing, Inglis's affidavit was admitted into evidence, and FW Services' attorney noted the affidavit "demonstrates that nobody at FW Services received this letter." FW Services' attorney further argued McDonald failed to meet his burden to establish a valid modification, noting, "I don't think the evidence is there, Your Honor." Finally, the attorney argued FW Services had not waived its right to compel arbitration based on the limited actions it had taken in the litigation prior to filing its motion to compel.

During the argument presented by McDonald's attorney, the trial court asked, "So what evidence do you have to establish that in this case [the Letter] was sent to the headquarters?" The

attorney responded FW Services waived its right to compel arbitration even if the trial court assumed the Letter was not sent to the headquarters and detailed the actions FW Services had taken in the pending litigation. In rebuttal, FW Services' attorney stated the San Antonio address was not the corporate headquarters, and the president and vice-president were located in Houston, Texas.

At the conclusion of the hearing, the trial court denied the motion to compel. FW Services timely appealed.

### STANDARD OF REVIEW

We generally review a trial court's order denying a motion to compel arbitration under an abuse of discretion standard. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether a party waived its right to arbitrate, however is a question of law which we review de novo. *Id.*

### SHIFTING BURDENS

"A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and that the claims at issue fall within the scope of that agreement." *Id.* Here, it is undisputed that FW Services met this burden because McDonald's retaliatory discharge claim fell within the scope of the arbitration provision contained in the employment contract the parties executed.

"If the party seeking to compel arbitration meets [its] burden, the burden then shifts, and to avoid arbitration, the party opposing it must prove an affirmative defense to the provision's enforcement, such as waiver." *Id.* To meet this burden, the party resisting arbitration must "present some evidence supporting every element of a defensive claim . . . ." *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 897 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). "In the absence of evidence of a valid defense, the trial court has no discretion—it must compel arbitration and stay its own proceedings." *Seven Hills Commercial, LLC v. Mirabal Custom*

*Homes, Inc.*, 442 S.W.3d 706, 715 (Tex. App.—Dallas 2014, pet. denied). In this case, we first examine McDonald's assertion that FW Services waived its right to arbitration and then examine McDonald's argument that the Letter modified or superseded the arbitration agreement.

**WAIVER**

"A party asserting implied waiver as a defense to arbitration has the burden to prove that (1) the other party has 'substantially invoked the judicial process,' which is conduct inconsistent with a claimed right to compel arbitration, and (2) the inconsistent conduct has caused it to suffer detriment or prejudice." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015). "Because the law favors and encourages arbitration, this hurdle is a high one." *Id*. at 512 (internal quotation marks omitted); *see also RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) ("The party asserting waiver bears a heavy burden of proof to show the party seeking arbitration has waived its arbitration right.").

"In determining whether a party's conduct clearly demonstrates an intent to waive a right, courts must consider the totality of the circumstances." *LaLonde v. Gosnell*, No. 16-0966, 2019 WL 2479172, at *4 (Tex. June 14, 2019). "This is a 'case-by-case' approach that necessitates consideration of all the facts and circumstances attending a particular case." *Id*.

"[T]he universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue . . . ." *Id*. "[C]ourts consider a wide variety of factors and look to the specifics of each case" in determining whether "a party has substantially invoked the judicial process." *Cash Biz, LP*, 551 S.W.3d at 116. The Texas Supreme Court has "declined to conclude that the right to arbitrate was waived in all but the most unequivocal of circumstances." *Id*. An implied waiver analysis "involves numerous factors, including [1] whether the party asserting the right to arbitrate was plaintiff or defendant in the lawsuit, [2] how long the party waited before

seeking arbitration, [3] the reasons for any delay in seeking to arbitrate, [4] how much discovery and other pretrial activity the party seeking to arbitrate conducted before seeking arbitration, [5] whether the party seeking to arbitrate requested the court to dispose of claims on the merits, [6] whether the party seeking to arbitrate asserted affirmative claims for relief in court, [7] the amount of time and expense the parties have expended in litigation, and [8] whether the discovery conducted would be unavailable or useful in arbitration." *RSL Funding, LLC*, 499 S.W.3d at 430. Although delay by the party seeking arbitration is included as a factor to consider, the Texas Supreme Court has "found no waiver in cases where there were delays of as much as eight months and even two years," when other factors were not established. *Id*. at 431.

In this case, McDonald first relies on the discovery that had been conducted; however, the record establishes FW Services sent only one set of requests for disclosure and responded to McDonald's discovery. "Responding to discovery and simply being named in the lawsuit while discovery is ongoing do not amount to waiver."[2] *G.T. Leach Builders, LLC*, 458 S.W.3d at 514. The Texas Supreme Court has also "declined to find waiver of the right to arbitrate in [] cases where the movant made a request for disclosure." *Id*.

McDonald also relies on FW Services' filing of a motion to transfer venue. The Texas Supreme Court, however, has "rejected arguments relying on venue challenges to establish waiver because such challenges do not relate to the merits of the case." *Id*. at 513.

McDonald further points to the agreed scheduling order. We first note the lawsuit was filed on August 1, 2018, and the scheduling order was entered on September 28, 2018, in response to a motion filed by McDonald on September 18, 2018. We further note the motion to compel was filed on February 22, 2019, almost four months before the first deadline imposed by the scheduling

---

[2] We also note the Rule 11 agreement McDonald references related to the discovery responses.

order and six months before the trial date. Finally, courts have held the entry of a scheduling order does not constitute an affirmative waiver. *See Legoland Discovery Ctr. (Dall.), LLC v. Superior Builders, LLC*, 531 S.W.3d 218, 220, 223 (Tex. App.—Fort Worth 2017, no pet.) (citing *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577–78 (5th Cir. 1991); *Brown v. Anderson*, 102 S.W.3d 245, 251 (Tex. App.—Beaumont 2003, pet. denied)).

McDonald further stresses FW Services' answer included a jury demand. First, we question whether a jury demand in a defendant's answer, alone, substantially invokes the judicial process. Even if it does, however, the "agreed" scheduling order set the cause for a jury trial, so McDonald cannot show that the jury demand prejudiced him. *See In re MONY Sec. Corp.*, 83 S.W.3d 279, 285 (Tex. App.—Corpus Christi 2002, orig. proceeding) (holding defendant's payment of jury fee was insufficient to establish waiver of arbitration rights).

Finally, FW Services' attorney explained at the hearing the reason for the delay in filing the motion to compel was because the attorneys were discussing settlement and "actively trying to resolve the case." *Walker*, 938 F.2d at 578 ("Attempts at settlement, however, are not inconsistent with an inclination to arbitrate and do not preclude the exercise of a right to arbitration."). And, McDonald presented no evidence to show the amount of time his attorney expended in the litigation or "whether the discovery conducted would be unavailable or useful in arbitration." *RSL Funding, LLC*, 499 S.W.3d at 430.

Having reviewed the applicable factors and the specific facts in this case, we hold McDonald did not meet his "heavy burden" to establish FW Services waived its arbitration rights.

### MODIFICATION OF ARBITRATION AGREEMENT

Modification of a contract is an affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). As the party resisting arbitration and as the party asserting the defense of

modification, McDonald had the burden to prove the parties' arbitration agreement was modified. *See Cash Biz, LP*, 551 S.W.3d at 115.

A modification of a contract must satisfy all the essential elements of a contract which include: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) each party's consent to the terms; (5) execution and delivery; and (6) consideration. *Adcock v. Five Star Rentals/Sales, Inc.*, No. 04-17-00531-CV, 2018 WL 1831646, at *2 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.). As previously noted, McDonald had the burden to present evidence supporting every element of his modification defense which therefore required him to present evidence to satisfy each essential element of a contract. *See In re Jim Walter Homes, Inc.*, 207 S.W.3d at 897. And, in the absence of such evidence, the trial court had no discretion but to compel arbitration and stay the underlying proceedings. *Seven Hills Commercial, LLC*, 442 S.W.3d at 715.

McDonald argues FW Services accepted the contract modification by performing as specified in the Letter; specifically, by failing to notify McDonald's counsel of the existence of an arbitration agreement. McDonald presented evidence the Letter was sent to FW Services's San Antonio office and was addressed generally to any person in the office. FW Services, on the other hand, presented evidence that it never received the Letter. FW Services also presented evidence establishing that none of its employees at the San Antonio office had the authority to bind FW Services to contracts relating to matters of alternative dispute resolution. "Absent actual or apparent authority, an agent cannot bind a principal." *Petroleum Workers Union of the Republic of Mexico v. Gomez*, 503 S.W.3d 9, 25 (Tex. App.—Houston [14th Dist.] 2016, no pet.). FW Services established none of its agents in the San Antonio office had the authority to bind FW Services to contracts relating to matters concerning reasonably foreseeable litigation, and there is no evidence that every person in the San Antonio office, assuming any of them received the Letter, had actual or apparent authority to bind FW Services to contracts relating to matters concerning

reasonably foreseeable litigation. Just as McDonald failed to meet his heavy burden to establish waiver, McDonald also failed to present evidence to support every element of his modification defense. Accordingly, the trial court had no discretion but to grant the motion to compel. *See Seven Hills Commercial, LLC*, 442 S.W.3d at 715.

## CONCLUSION

The trial court's order denying FW Services motion to compel is reversed, judgment is rendered granting the motion to compel, and the cause is remanded to the trial court for proceedings consistent with this opinion, including the granting of an appropriate stay.

Luz Elena D. Chapa, Justice