

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-21-00254-CV

LLANO LOGISTICS, INC., APPELLANT

V.

ULYSSES CARMONA, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2020-539,270, Honorable J. Phillip Hays, Presiding

April 14, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Llano Logistics, Inc., filed an interlocutory appeal of the trial court's denial of Llano's motion to compel arbitration in a suit brought by appellee, Ulysses Carmona, for negligence and premises liability. We reverse and remand.

Factual and Procedural Background

Carmona worked for Llano as a truck driver delivering groceries to United Supermarkets. While walking through the delivery area after making a delivery, Carmona

was struck by another employee who was driving a "spotter truck." The accident caused Carmona significant physical injuries.

Carmona filed suit against Llano on March 24, 2020. Llano is a non-subscriber to Texas Workers' Compensation insurance but does maintain a Texas Workplace Benefit Plan that includes a Dispute Resolution Program and Agreement (DRPA) that requires certain work-related disputes to be resolved by arbitration. Carmona signed the Plan as a condition of his employment with Llano. In its answer, Llano did not seek to compel arbitration or otherwise refer to the DRPA. Rather, its answer requested a jury instruction and asserted several affirmative defenses. During the pendency of this suit, Llano has paid Carmona for his lost wages and medical care as provided for by the Plan.

In late April 2020, the parties entered into an agreed scheduling order that was accepted by the trial court and that set a schedule for discovery and set trial for July 12, 2021. For the next year, the parties engaged in discovery in accordance with this scheduling order. On April 12, 2021, Llano filed a motion to compel arbitration. Carmona opposed the motion. After holding a hearing on the motion, the trial court took the matter under advisement pending a scheduled mediation. Subsequently, the trial court entered a new scheduling order that set trial for November 15, 2021. Llano objected to the new scheduling order and requested the trial court to rule on its motion to compel arbitration. On October 7, the trial court signed an order denying Llano's motion. As a result, Llano filed the instant interlocutory appeal.[1]

---

[1] "In a matter subject to the Federal Arbitration Act . . ., a person may take an appeal . . . to the court of appeals from the [trial court's] . . . interlocutory order . . . under the same circumstances that an appeal . . . would be permitted" in federal court. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016; *see* 9 U.S.C.

Llano presents one issue by its appeal. Its sole issue contends that the trial court erred in denying Llano's motion to compel arbitration. Within this argument, Llano contends that the parties entered into an enforceable arbitration agreement, Carmona's claims fall within the scope of claims covered by the agreement, and Carmona did not satisfy his burden to prove a valid defense to enforcement. Carmona responds contending that Llano failed to meet its burden to prove the existence of an enforceable arbitration agreement and, if the arbitration agreement is enforceable, Carmona established that Llano waived its right of arbitration.

Standard of Review

A trial court's order denying a motion to compel arbitration is reviewed for abuse of discretion. *Houston NFL Holding L.P. v. Ryans*, 581 S.W.3d 900, 907 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review its legal determinations de novo. *Id.*

In determining whether a party's claims are subject to arbitration, the court must decide whether the parties entered into a valid arbitration agreement and, if so, whether plaintiff's claims fall within the scope of the agreement. *Dallas Cardiology Assocs., P.A. v. Mallick*, 978 S.W.2d 209, 212 (Tex. App.—Texarkana 1998, pet. denied). If the answer to both prongs is affirmative, the trial court has no discretion but to compel arbitration. *Id.* The party seeking arbitration has the initial burden to establish its right to the remedy

§ 16 (listing appealable and non-appealable orders regarding arbitration and permitting interlocutory appeal of an order denying application to compel arbitration).

3

under the first prong; in other words, to establish that a valid arbitration agreement exists. *Id.* Once the existence of an arbitration agreement has been established, a presumption attaches favoring arbitration. *Id.* At this point, the burden shifts to the opposing party to establish some ground in avoidance of the arbitration agreement, such as fraud, waiver, unconscionability, or that the dispute falls outside the scope of the agreement. *Id.* The trial court must resolve any doubts regarding the scope of arbitration agreements in favor of arbitration. *Id.*

Existence of a Valid Arbitration Agreement

Carmona does not dispute that an arbitration agreement was included in the DRPA; he was given notice of the provision; and, on its face, the arbitration provision covers Carmona's claims. Carmona does challenge the validity of the arbitration provision on the basis that the consideration provided by Llano was illusory.

In the context of stand-alone arbitration agreements, binding mutual promises are the consideration necessary to create a legally binding contract. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (per curiam). "Mutual promises to submit employment disputes to arbitration constitute sufficient consideration to support an arbitration agreement; however, if the employer can avoid its promise to arbitrate, the agreement is illusory." *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 868 (Tex. App.— Houston [14th Dist.] 2006, no pet.). "When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract." *In re 24R, Inc.,* 324 S.W.3d 564, 567 (Tex. 2010) (per curiam). A promise that does not bind the promisor is illusory, such as when the promisor retains the option to discontinue

4

performance.  *Id.*  "An arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether."  *Id.*  Even when a party may amend or terminate an arbitration agreement, the agreement is not rendered illusory if that party must provide notice to the other party before the change becomes effective and any change operates prospectively only.  *See In re Halliburton Co.*, 80 S.W.3d 566, 569-70 (Tex. 2002).

The law presumes that there is sufficient consideration to support a written contract signed by the parties.  *Tripp Village Joint Venture v. MBank Lincoln Centre, N.A.*, 774 S.W.2d 746, 749 (Tex. App.—Dallas 1989, writ denied).  When this presumption arises, the party alleging the lack of consideration has the burden to rebut that presumption. *Blockbuster, Inc. v. C-Span Entm't, Inc.*, 276 S.W.3d 482, 488 (Tex. App.—Dallas 2008, pet. dism'd by agr.).  A party that does not challenge the existence of a valid arbitration agreement in the trial court cannot assert that argument for the first time on appeal. *Ranchers & Farmers Mut. Ins. Co. v. Stahlecker*, No. 09-10-00286-CV, 2010 Tex. App. LEXIS 8797, at *5-6 (Tex. App.—Beaumont Nov. 4, 2010, no pet.) (mem. op.); *see 950 Corbindale, L.P. v. Knotts Capital Holdings Ltd. P'ship*, 316 S.W.3d 191, 196 (Tex. App.— Houston [14th Dist.] 2010, no pet.) (challenge to arbitration agreement's enforcement must be raised in trial court or is waived); *see also ABP Holdings, Inc. v. Rainbow Int'l LLC*, No. 10-21-00122-CV, 2021 Tex. App. LEXIS 9918, at *11 (Tex. App.—Waco Dec. 15, 2021, no pet.) (mem. op.) (same).  Even when no findings of fact and conclusions of law are filed by the trial court, we will imply findings necessary to support the judgment only when the necessary findings were raised by the pleadings and supported by the evidence.  *Stahlecker*, 2010 Tex. App. LEXIS 8797, at *5-6 (citing *Volume Millwork, Inc.*

5

*v. W. Houston Airport Corp.*, 218 S.W.3d 722, 729 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (op. on reh'g)).

Here, the DRPA that was signed by both parties was admitted into evidence. As such, the presumption of valid consideration arose. *Tripp Village Joint Venture*, 774 S.W.2d at 749. Carmona did not rebut this presumption by arguing to the trial court that the consideration for the arbitration agreement contained in the DRPA was illusory. As such, this argument was not preserved for appellate review. Even though the trial court did not enter findings of fact and conclusions of law, we cannot imply a finding that the arbitration agreement in this case was illusory. *Stahlecker*, 2010 Tex. App. LEXIS 8797, at *6.

Carmona does not dispute that the arbitration agreement is facially valid and covers Carmona's claims. His contention that the agreement was not supported by consideration because Llano's promise was illusory was not preserved for our review. Consequently, we conclude that Llano met its burden to establish that a valid arbitration agreement exists. *See Mallick*, 978 S.W.2d at 212.

Grounds for Revocation of Arbitration Agreement

Having concluded that a valid arbitration agreement exists and applies to Carmona's claims, the burden now shifts to Carmona to establish some ground for the revocation of the arbitration agreement. *Id.* Carmona contends that Llano expressly and impliedly waived its right to invoke the arbitration agreement. We will consider each ground in turn.

6

Law of Waiver

Like other contractual obligations, a contractual right to arbitrate may be waived. *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008); *CropMark Direct LLC v. Urbanczyk*, 377 S.W.3d 761, 763 (Tex. App.—Amarillo 2012, pet. denied). Such waiver can occur expressly, when a party expressly agrees to forego its right to arbitrate, or impliedly, when a party's conduct reveals its intent to forego its right to arbitrate. *CropMark Direct*, 377 S.W.3d at 763. "Because the law favors and encourages arbitration, in close cases, the presumption against waiver governs." *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 22 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Whether Carmona established his defense to enforcement of the arbitration agreement based on Llano's express or implied waiver is a legal question subject to de novo review. *Legoland Discovery Ctr. (Dallas), LLC v. Superior Builders, LLC*, 531 S.W.3d 218, 221 (Tex. App.—Fort Worth 2017, no pet.).

Express Waiver

Carmona contends that Llano expressly waived its right to arbitration because it made multiple Rule 11[2] agreements relating to the scheduling of pretrial and trial events governing this case, and each of these Rule 11 agreements is enforceable as a binding contract. Essentially, Carmona argues that by agreeing to an explicit trial date, Llano modified the arbitration agreement and is contractually obligated to try the case.

---

[2] *See* TEX. R. CIV. P. 11.

7

An express waiver in the arbitration context "arises when a party affirmatively indicates that it wishes to resolve the case in the judicial forum rather than in arbitration." *Branch Law Firm L.L.P.*, 532 S.W.3d at 22; *see Sipriano v. Reg'l Fin. Corp. of Tex.*, No. 05-15-00397-CV, 2016 Tex. App. LEXIS 5149, at *9 (Tex. App.—Dallas May 16, 2016, no pet.) (mem. op.) (an express waiver of a contractual right to arbitration is made "through a clear repudiation of the right").

There is no statement in any of the Rule 11 agreements explicitly indicating that Llano was repudiating or waiving its right to arbitration. Carmona does not identify where, in the record, Llano affirmatively indicated that it wished to resolve the case in the judicial forum rather than in arbitration. *See Branch Law Firm L.L.P.*, 532 S.W.3d at 22. Instead, Carmona argues that by entering into three separate Rule 11 agreements, including an agreed scheduling order, Llano expressly waived its right to arbitrate. However, the Texas Supreme Court has rejected Carmona's contention that Llano's agreement to a scheduling order constitutes an express waiver of its arbitration right. *G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 511 (Tex. 2015) (Rule 11 agreement setting trial date does not relinquish or repudiate right to arbitration);[3] *see also EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (orig. proceeding) (per curiam) (agreed order to reset trial date does not constitute waiver of right to seek arbitration); *FW Servs., Inc. v. McDonald*, No. 04-19-00331-CV, 2020 Tex. App. LEXIS 783, at *9-10 (Tex.

---

[3] Carmona argues that *G.T. Leach* is distinguishable because the opinion does not indicate that the agreed scheduling order used mandatory language related to the trial date, and there is no indication that the arbitration agreement granted one party the unilateral right of modification and revocation. However, the lack of explicit identification of features that would make the cases identical does not provide a basis for distinction. It is certainly possible that these features were present in *G.T. Leach* but were deemed irrelevant to the Court's analysis. We cannot conclude that the failure of the Court to address the presence or absence of particular features of the scheduling order and arbitration agreement provide a basis for distinction between the holding in *G.T. Leach* and the present case.

App.—Fort Worth Jan. 29, 2020, no pet.) (mem. op.) ("the entry of a[n agreed] scheduling order does not constitute an affirmative waiver"); *Legoland Discovery Ctr.,* 531 S.W.3d at 223 (simply agreeing to scheduling order does not waive right to arbitration). As such, we conclude that Llano did not expressly waive its right to arbitration. Thus, Carmona has not met his burden to prove that express waiver is a valid ground for revocation of the arbitration agreement. *See Mallick,* 978 S.W.2d at 212.

Implied Waiver

Carmona further contends that Llano impliedly waived its right to arbitrate because its pretrial conduct revealed its intent to forego its arbitration right.

To prove an implied waiver, Carmona had the burden to prove that (1) Llano substantially invoked the judicial process, i.e., engaged in conduct inconsistent with a claimed right to compel arbitration, and (2) such conduct caused Carmona to suffer a detriment or prejudice. *Legoland Discovery Ctr.*, 531 S.W.3d at 222 (citing *G.T. Leach*, 458 S.W.3d at 511-12). Because arbitration is strongly favored under the law, Carmona's burden to prove Llano's implied waiver is a high one. *Id.* This burden is so high that appellate courts seldom find implied waiver through litigation conduct. *Id.* (citing *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430-31 (Tex. 2016) (per curiam), *Richmont Holdings, Inc. v. Superior Recharge Sys., LLC*, 455 S.W.3d 573, 575 & n.1 (Tex. 2014) (per curiam), and *Perry Homes*, 258 S.W.3d at 590).

In assessing whether an implied waiver has occurred, we must review the totality of the circumstances and are guided by several factors, including:

9

whether the party asserting the right to arbitrate was plaintiff or defendant in the lawsuit, how long the party waited before seeking arbitration, the reasons for any delay in seeking to arbitrate, how much discovery and other pretrial activity the party seeking to arbitrate conducted before seeking arbitration, whether the party seeking to arbitrate requested the court to dispose of claims on the merits, whether the party seeking to arbitrate asserted affirmative claims for relief in court, the amount of time and expense the parties have expended in litigation, and whether the discovery conducted would be unavailable or useful in arbitration.

*Id.* (quoting *RSL Funding*, 499 S.W.3d at 430). No one factor is dispositive. *Id.* As above, in close cases, the presumption against waiver governs. *Id.*

In the present case, the totality of the circumstances does not support Llano's implied waiver. Llano was the defendant in a suit brought by Carmona. *See G.T. Leach*, 458 S.W.3d at 512. Llano filed its motion to compel thirteen months after Carmona filed suit, but about seven months prior to the scheduled date of trial.[4] However, delay alone is not sufficient to establish implied waiver. *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002) (orig. proceeding) (per curiam). We are mindful that many legal proceedings in 2020 and 2021 were delayed and disrupted by the COVID-19 pandemic. The record reflects that Llano sent written discovery to Carmona and deposed Carmona and his girlfriend and, under the DRPA, this discovery would be available and useful during arbitration. *Legoland Discovery Ctr.*, 531 S.W.3d at 222 (citing *G.T. Leach*, 458 S.W.3d at 514). Llano did not ask for pretrial, summary disposition of Carmona's claims against it.[5] *Id.* Llano did not assert counterclaims seeking affirmative relief.

---

[4] When Llano filed its motion to compel arbitration on April 12, 2021, the trial was scheduled for July 12, 2021. However, the trial court subsequently entered a scheduling order that set trial for November 15, 2021.

[5] Carmona contends that Llano sought to have the trial court dispose of Carmona's claims on the merits by asserting affirmative defenses and asking the trial court to find that Carmona take nothing by his

Carmona claims that he would be prejudiced by compelled arbitration. He argues that Llano waited until it became "aware of Carmona's trial strategy, aware of more extensive damages for medical care, and aware that a trial might not be in Llano's best interest." However, other than a cursory citation to his amended designation of expert witnesses,[6] Carmona does not identify the method used by Llano to discern Carmona's trial strategy. Further, the record reflects that Llano had paid for Carmona's medical expenses related to the injury since it occurred and, therefore, was aware of the extent of damages for Carmona's medical care as well as the likely future costs of that care. Carmona also contends that he was prejudiced by conducting more discovery than would be allowed under the DRPA. However, the DRPA allows for additional discovery upon the agreement of the parties or the order of the arbitrator. Consequently, Carmona has failed to establish that he would be prevented from using any of the discovery he has already obtained and, because expert witnesses do not count against the deposition limits under the DRPA, Carmona has not shown how arbitration would prejudice his discovery efforts. Because Carmona has not shown how he would be prejudiced by enforcement of the arbitration agreement, we conclude that this factor indicates that Llano did not impliedly waive its arbitration rights.

---

claims. However, filing an answer alone is not sufficient to constitute waiver of arbitration rights. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (per curiam) (filing an answer denying claim and propounding written discovery not sufficient to establish waiver of right to arbitrate).

[6] We note that Carmona filed his designation of expert witnesses approximately one hour after Llano filed its motion to compel arbitration. The timing of these filings imply that Llano's motion to compel arbitration was not influenced by Carmona's designation of expert witnesses.

Because we conclude that Carmona failed to meet his burden to prove that Llano substantially invoked the judicial process, causing him prejudice, *see id.*, we cannot find that Llano impliedly waived its right to arbitration.

## Conclusion

Having found that a valid arbitration agreement covers Carmona's claims and Carmona has failed to prove an applicable ground for revocation of the agreement, we conclude that the trial court erred in denying Llano's motion to compel arbitration. As such, we reverse the trial court's order denying Llano's motion to compel arbitration and remand the case to the trial court for further proceedings consistent with this opinion.

Judy C. Parker
Justice