

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00522-CV

———————————————————

SOLERA, INC., SOLERA HOLDINGS, INC., AND SOLERA HOLDINGS, LLC,
Appellants

V.

JASON BRADY, Appellee

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-351448-24

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

This is an interlocutory appeal from an order denying arbitration in a lawsuit filed by Appellee Jason Brady to recover an annual bonus from Appellants Solera, Inc.; Solera Holdings, Inc.; and Solera Holdings, LLC (collectively, Solera).

Shortly after filing its answer, Solera filed a Rule 91a motion (which it later amended) seeking the dismissal of Brady's claims on the grounds that they were legally baseless. After the trial court denied its motion to dismiss, Solera filed a motion to compel arbitration and—subject to this motion—a counterclaim for breach of contract. Brady filed a response to Solera's arbitration motion in which he asserted that Solera had waived its right to arbitration by substantially invoking the judicial process to his prejudice and that his claims were beyond the scope of the applicable arbitration provision.

After a short hearing, the trial court signed an order denying Solera's motion to compel arbitration. Because Solera has not waived its right to compel arbitration and because the parties agreed to delegate arbitrability issues to the arbitrator, we reverse the trial court's order.

## I. BACKGROUND

Brady was hired as Solera's General Counsel and Senior Vice President in September 2012. When Brady joined Solera, he signed an executive employment agreement. This agreement contained an arbitration provision whereby "[t]he parties agree[d] that any controversy or claim arising out of or relating to th[e] [a]greement, or

the breach thereof, [would] be submitted to the American Arbitration Association" and that (with certain exceptions) arbitration would be "the sole, exclusive and final remedy for any dispute" between Brady and Solera relating to the employment agreement or Brady's employment relationship with Solera, including any disputes arising upon the termination of his employment. The employment agreement also provided for a generous severance package "conditioned upon" Brady's execution of a general release agreement.

In June 2020, Solera terminated Brady's employment. Shortly thereafter, he executed a general release and received the severance benefits set forth in his employment agreement. Under the general release's terms, Brady agreed to relinquish (with limited exceptions) "any and all claims" against Solera. Pursuant to the general release, Brady also agreed to arbitrate "any dispute regarding [its] scope" as well as "[a]ny controversy or any claim arising out of or relating to the interpretation, enforceability[,] or breach of the [general] [r]elease." The general release specified that the arbitration would be conducted under the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures (the AAA Rules).[1]

---

[1]To be precise, the general release provided that the arbitration would be conducted "in accordance with Section 11.1 of the [employment] [a]greement." This section, in turn, contemplated that the arbitration would be conducted under the AAA Rules. Further, under the general release, Brady agreed to arbitrate under the AAA Rules "[i]f for any reason the arbitration procedure set forth in Section 11.1 of the [employment] [a]greement [were] unavailable."

In 2024, Brady sued Solera seeking an unpaid annual performance bonus for the fiscal year that ended March 31, 2020 (i.e., three months before he had been terminated). He asserted three causes of action: breach of contract, promissory estoppel, and quantum meruit. Solera filed a Rule 91a motion to dismiss all of Brady's claims on the grounds that they were legally baseless.[2] Following a hearing, the trial court signed an order denying Solera's Rule 91a motion, and Solera agreed to pay Brady's attorney's fees and costs incurred in challenging the motion.

At the trial court's suggestion, the parties participated in mediation. But they were unable to resolve their dispute.

Following the unsuccessful mediation, Solera filed a motion to compel arbitration and stay proceedings and—subject to this motion—a counterclaim for breach of the employment agreement and the general release. Brady filed a response to the motion to compel in which he argued that Solera had waived its right to

---

[2]Brady initially based his breach-of-contract claim solely on his employment agreement, but after Solera pointed out in its Rule 91a motion that the employment agreement could not support such a claim because it made Brady's bonuses discretionary, Brady filed an amended petition in which he alleged that Solera's "Annual Bonus Incentive Program" made the bonus mandatory. Solera then amended its Rule 91a motion to address this newly pleaded theory.

4

arbitration by substantially invoking the judicial process to his prejudice and that the dispute was outside the scope of the applicable arbitration provision.[3]

After a hearing, the trial court signed an order denying the motion to compel arbitration and stay the proceedings. This interlocutory appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's order denying a motion to compel arbitration for an abuse of discretion, deferring to the trial court's factual determinations if they are supported by the record. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). But we review de novo the trial court's legal determinations, including whether the scope of the agreement encompasses the plaintiff's claims. *Id.*; *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *Leland Pennington, Inc. v. Bulls*, No. 02-20-00282-CV, 2021 WL 832690, at *2 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op.).

A party seeking to compel arbitration must establish (1) that a valid arbitration agreement exists and (2) that it covers the claims at issue. *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006) (orig. proceeding). If the moving party establishes these elements, "the trial court has no discretion to deny the motion to compel unless

---

[3]Specifically, in addition to waiver, Brady argued (1) that granting the motion to compel would be a waste of judicial resources because the dispute fell outside the scope of the general release's arbitration provision and would ultimately return to the trial court for resolution and (2) that the employment agreement's arbitration provision had expired. When distilled to their essence, these arguments amount to a contention that the parties' dispute falls outside the scope of the applicable arbitration provision.

the opposing party proves a defense to arbitration." *Ferguson Braswell Fraser & Kubasta, P.C. v. SAF Oilfield I, LLC*, No. 02-22-00171-CV, 2023 WL 415616, at *2 (Tex. App.—Fort Worth Jan. 26, 2023, no pet.) (mem. op.) (first citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001) (orig. proceeding); and then citing *J.M. Davidson*, 128 S.W.3d at 227).

One such defense is waiver. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). Whether a party's litigation conduct implicitly waives its right to compel arbitration is a question of law, which again, we review de novo. *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002) (orig. proceeding); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 703–04 (Tex. 1998) (orig. proceeding).

When, as here, the trial court does not specify the basis for its order denying arbitration, we must uphold the trial court's ruling if it is supported by any legal ground asserted below. *Leland Pennington*, 2021 WL 832690, at *5.

### III. DISCUSSION

As noted, Brady presented the trial court with two legal grounds for denying Solera's motion: (1) that Solera waived its right to arbitrate by substantially invoking the judicial process to Brady's prejudice and (2) that the dispute is outside the scope

6

of the applicable arbitration provision.[4]  Solera challenges each of these grounds on appeal, and we agree with Solera on both.

## A.  Solera Did Not Waive its Right to Arbitrate

Brady argues that Solera waived its right to arbitrate by substantially invoking the judicial process to his prejudice.  We disagree.

A party implicitly waives its right to compel arbitration if it "substantially invok[es] the judicial process" to the prejudice of the party resisting arbitration.  *Perry Homes*, 258 S.W.3d at 589–90; *Legoland Discovery Ctr. (Dall.), LLC v. Superior Builders, LLC*, 531 S.W.3d 218, 222 (Tex. App.—Fort Worth 2017, no pet.); *see G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015).  Thus, "[t]he test for determining waiver by litigation conduct is two-pronged: (1) whether the party seeking arbitration substantially invoked the judicial process, and (2) whether the opposing party proved that it suffered prejudice as a result."  *Haddington Fund, LP v. Kidwell*, No. 05-19-01202-CV, 2022 WL 100111, at *6 (Tex. App.—Dallas Jan. 11, 2022, pet. denied) (mem. op.) (first citing *Perry Homes*, 258 S.W.3d at 589–90; and then citing *In re Bank One N.A.*, 216 S.W.3d 825, 827 (Tex. 2007) (orig. proceeding)).

---

[4]Although Brady's response to Solera's motion to compel arbitration reflected his uncertainty regarding whether Solera sought to compel arbitration under the general release's arbitration provision or the employment agreement's arbitration provision (or both), Solera's motion to compel references only the general release's arbitration provision.  And the parties' appellate briefing focuses solely on the general release's arbitration provision.  Thus, we will treat the general release's arbitration provision as the relevant one for purposes of this appeal.

Whether a party's litigation conduct qualifies as a "substantial invocation" of the judicial process is a legal question and is determined on a case-by-case basis from the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 590–91, 598; *see In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 713 (Tex. 2016) (orig. proceeding). "[K]ey factors include the reason for delay in moving to enforce arbitration, the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits." *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014).

The party opposing arbitration bears the burden to prove a substantial invocation of the judicial process, and because the law strongly favors arbitration, "this hurdle is a high one." *Perry Homes*, 258 S.W.3d at 589–90; *Legoland*, 531 S.W.3d at 222. It is so high that "appellate courts seldom find an implied waiver through litigation conduct," *Legoland*, 531 S.W.3d at 222, and the Texas Supreme Court has declined to find waiver even when the party seeking arbitration has, among other things, filed suit, moved to dismiss for lack of standing, moved to set aside a default judgment, removed the case to federal court, moved to strike an intervention, opposed discovery, requested an initial round of discovery, noticed and taken as many as four depositions, opposed a trial setting, and agreed to a trial resetting, *Perry Homes*, 258 S.W.3d at 590 (listing circumstances in which the court held that arbitration had not been waived).

Brady asserts that Solera substantially invoked the judicial process by (1) filing multiple answers, (2) participating in mediation, (3) asserting a counterclaim, and (4) filing a Rule 91a motion to dismiss. But the Texas Supreme Court has explained that "a party's litigation conduct aimed at defending itself and minimizing its litigation expenses, rather than taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process." *G.T. Leach*, 458 S.W.3d at 513. Thus, a party does not substantially invoke the judicial process by filing an answer or a compulsory counterclaim.[5] *See id.* (holding that party had not substantially invoked the judicial process by asserting a counterclaim that was compulsory and "defensive in nature"); *W. Tex. Positron, Ltd. v. Cahill*, Nos. 07-05-0297-CV, 07-05-0342-CV, 2005 WL 3526483, at *3 (Tex. App.—Amarillo Dec. 22, 2005, no pet.) (mem. op.) ("A party does not substantially invoke the judicial process merely by filing an answer . . . ." (first citing *Bruce Terminix*, 988 S.W.2d at 704; and then citing *Tenneco Resins, Inc. v. Davy Int'l*, 770 F.2d 416, 421 (5th Cir. 1985))). Nor does a party substantially invoke the judicial process by engaging in mediation or settlement negotiations. *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co.*, 475 S.W.3d 436, 451 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Tex. Residential Mortg., L.P. v. Portman*, 152 S.W.3d 861, 863–64 (Tex. App.—Dallas 2005, no pet.)).

---

[5]Because Solera's counterclaim and Brady's breach-of-contract claim both arise (at least in part) out of the same contract—the employment agreement—Solera's counterclaim appears to be compulsory. *See* Tex. R. Civ. P. 97(a); *Bentley Vill., Ltd. v. Nasits Bldg. Co.*, 736 S.W.2d 919, 922–23 (Tex. App.—Tyler 1987, no writ).

This leaves Solera's motion to dismiss. While a substantial invocation of the judicial process "may occur" when a party "seek[s] a final resolution of the dispute" before moving to compel arbitration, *Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied), the filing of a motion to dismiss does not necessarily amount to such a substantial invocation, *see In re Frost Nat'l Bank*, No. 13-07-00748-CV, 2008 WL 4889836, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2008, orig. proceeding) (mem. op.) (holding that party had not substantially invoked the litigation process by, inter alia, filing a motion to dismiss based on a forum-selection clause); *see also Hawkins v. Wells Fargo Bank, N.A.*, No. A-11-CV-877-LY, 2013 WL 12291495, at *4 (W.D. Tex. Mar. 19, 2013) (order) (holding that party had not substantially invoked the judicial process by filing a motion to dismiss before seeking to compel arbitration). Here, the fact that Solera waited until the trial court ruled on its Rule 91a motion before seeking to compel arbitration militates in favor of the conclusion that it substantially invoked the judicial process. *Cf. Pounds v. Rohe*, 592 S.W.3d 549, 556–58 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (emphasizing the fact that parties had not concurrently sought summary judgment and arbitration but had instead waited to seek arbitration until after the trial court had denied their summary-judgment motion as a factor supporting its conclusion that the parties had substantially invoked the judicial process). Nevertheless, considering the totality of the circumstances, we cannot conclude that such a substantial invocation occurred. *See Perry Homes*, 258 S.W.3d at 590–91, 598; *see also Interconex, Inc. v. Ugarov*, 224 S.W.3d

10

523, 533 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g) ("[A]ny doubts regarding waiver are resolved in favor of arbitration." (citing *Bruce Terminix*, 988 S.W.2d at 704–05)).

At the hearing on Solera's Rule 91a motion, the trial court repeatedly expressed its view that Brady's case was weak;[6] thus, it does not appear that Solera sought to compel arbitration merely as a form of forum shopping or as a means of avoiding a likely unfavorable decision on the merits.[7] *See Pounds*, 592 S.W.3d at 558 (condemning the use of arbitration as "a type of unfair forum-shopping"). Indeed, at the hearing on the motion to compel arbitration, Solera's counsel explained that it had filed its Rule 91a motion in an attempt to "quickly resolve the case." *See G.T. Leach*, 458 S.W.3d at 513 (instructing that a party's conduct aimed at "minimizing its litigation expenses" does not substantially invoke the judicial process). Further, according to Solera, neither side has conducted any discovery whatsoever, and Brady has not asserted otherwise. *See Richmont Holdings, Inc.*, 455 S.W.3d at 575 (listing "the amount of discovery conducted by the movant" as one of the "key factors" to be considered when evaluating whether the movant has substantially invoked the judicial process). Thus, notwithstanding Solera's Rule 91a motion, we cannot conclude that Brady has

_____

[6]The trial court repeatedly stated to Brady's counsel that it did not think that Brady's case was "great." And near the end of the hearing, the trial court told both parties' lawyers that they could tell their clients "that I think this case isn't really good."

[7]We note that as of the date that this interlocutory appeal was filed, neither party had made a jury demand, and the case had been set for a non-jury trial.

carried his "heavy burden" to show that Solera substantially invoked the judicial process. *See Small v. Specialty Contractors, Inc.*, 310 S.W.3d 639, 645 (Tex. App.—Dallas 2010, no pet.) (first citing *Bruce Terminix*, 988 S.W.2d at 704; and then citing *Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 594 (Tex. App.—Houston [14th Dist.] 1999, no pet.)).

Moreover, even if we were to assume that Solera had substantially invoked the judicial process, we would still conclude that no arbitration waiver occurred because Brady failed to show that Solera's actions prejudiced him. *See Haddington Fund, LP*, 2022 WL 100111, at *6. In the arbitration-waiver context, "[t]he prejudice on which courts focus includes such things as (1) the movant's access to information that is not discoverable in arbitration and (2) the opponent's incurring costs and fees due to the movant's actions or delay." *Nw. Constr. Co.*, 248 S.W.3d at 849 (citing *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.)). "Mere delay alone does not suffice to show prejudice." *Williams Indus., Inc.*, 110 S.W.3d at 139. Here, it is undisputed that Solera has not served any discovery requests, much less sought access to information that would not be discoverable in arbitration. *See Nw. Constr. Co.*, 248 S.W.3d at 849. And although Brady asserts that Solera's conduct has caused him to incur unnecessary attorney's fees and litigation costs, Solera agreed to pay all of the attorney's fees and costs that Brady incurred in connection with Solera's unsuccessful Rule 91a motion—the only

12

action taken by Solera that is inconsistent with its right to arbitrate.[8]  Thus, Brady failed to carry his "heavy burden of showing actual prejudice."  *Williams Indus., Inc.*, 110 S.W.3d at 141.

In sum, Brady has not carried his heavy burden to show that Solera waived its right to arbitrate by substantially invoking the judicial process to his prejudice.  Thus, the trial court's order denying arbitration cannot be upheld on this basis.

## B.  Arbitrability Must Be Decided in Arbitration

Brady also argues that his claims are not subject to arbitration because they fall outside the scope of the general release's arbitration provision.  But because the general release specified that the arbitration would be conducted under the AAA Rules, any dispute regarding the arbitration provision's scope must be decided by the arbitrator.  *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 702–12 (Tex. 2023); *see also Cerna v. Pearland Urban Air, LLC*, No. 24-0273, 2025 WL 1478505, at *3–6 (Tex. May 23, 2025) (recognizing that "because arbitration agreements are contracts, the parties can agree that an arbitrator must decide"

---

[8]As we have recognized, "[s]howing prejudice is generally an evidentiary burden." *Nw. Constr. Co.*, 248 S.W.3d at 849 (citing *Williams Indus., Inc.*, 110 S.W.3d at 135).  But Brady did not present any evidence—much less any evidence of prejudice—at the hearing on Solera's motion to compel arbitration.  Thus, the only evidence in the record of any attorney's fees and costs incurred by Brady is his attorney's affidavit attached as an exhibit to the motion for attorney's fees and costs that Brady filed after the trial court denied Solera's Rule 91a motion.  But the attorney's fees and costs evidenced by this affidavit are the very fees and costs that Solera agreed to pay.  Thus, Brady presented no evidence of any attorney's fees or costs beyond those that Solera had agreed to pay.

whether a claim falls within an arbitration agreement's scope and concluding that because the parties had so agreed, the decision as to whether petitioner's claims were excluded from the arbitration agreement had been "reserved to the arbitrator").

The AAA Rules provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections . . . to the existence, scope, or validity of the arbitration agreement." Am. Arb. Ass'n, *Employment Arbitration Rules & Mediation Procedures* Rule 6(a) (2023), http://adr.org/sites/default/files/EmploymentRules-Web.pdf. Based on this language, the Texas Supreme Court has held that parties' agreement to arbitrate in accordance with the AAA Rules generally "constitutes a clear and unmistakable agreement that the arbitrator must decide whether the parties' disputes must be resolved through arbitration." *TotalEnergies E&P USA, Inc.*, 667 S.W.3d at 708. Because the parties effectively agreed to delegate arbitrability disputes to the arbitrator by agreeing to arbitrate under the AAA Rules, Brady's contention that his claims fall outside the relevant arbitration provision's scope does not provide a valid basis for the trial court's decision to deny Solera's motion to compel arbitration. *See id.*

## IV. CONCLUSION

Because the trial court's order denying arbitration cannot be upheld on any of the legal grounds asserted below, we reverse the order and remand the case for

further proceedings consistent with this opinion.[9]  *See* Tex. R. App. P. 43.2(d); *G.T. Leach*, 458 S.W.3d at 532 (similarly remanding); *Ferguson Braswell Fraser & Kubasta, P.C.*, 2023 WL 415616, at *13 (same).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: June 5, 2025

---

[9]Because arbitration is required, all trial court proceedings must be stayed while the parties' dispute is submitted to arbitration.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.025(a); *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 195 (Tex. 2007) (orig. proceeding).